FADA INDUSTRIES, INC., PLAINTIFF v. UNITED STATES, DENNIS T. SNYDER, REGIONAL COMMISSIONER OF CUSTOMS, REGION II, J. MARGALIT, ASSISTANT REGIONAL COMMISSIONER OF CUSTOMS, FINANCIAL MANAGEMENT DIVISION, REGION II, DEFENDANTS; and MANDEL & GRUNFELD, DEFENDANT-INTERVENOR

DYNAMIC SUPPLY, INC., PLAINTIFF-INTERVENOR v. UNITED STATES, DENNIS T. SNYDER, REGIONAL COMMISSIONER OF CUSTOMS, REGION II, J. MARGALIT, ASSISTANT REGIONAL COMMISSIONER OF CUSTOMS, FINANCIAL MANAGEMENT DIVISION, REGION II, DEFENDANTS, and MANDEL & GRUNFELD, DEFENDANT-INTERVENOR

Court No. 83-3-00422

Before BOE, *Judge.*

(Dated March 24, 1983)

*Sharretts, Paley, Carter & Blauvelt (Peter J. Baskin, Ned H. Marshak* and *Donald S. Paley); Delson & Gordon (Richard H. Silberberg)* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General *(David M. Cohen,* Director, Commercial Litigation Branch and *A. David Lafer),* for the defendants.

*Dewey, Ballantine, Bushby, Palmer & Wood (Jonathan W. Miller* and *David B. Howorth)* for plaintiff-intervenor.

*Mandel & Grunfeld (James A. Resti* and *Irving Mandel)* for defendant intervenor.

BOE, *Judge:* In 1981 the plaintiff and the plaintiff-intervenor retained the law firm of Mandel & Grunfeld, defendant-intervenor, to file protests relating to the classification of certain solid-state digital watch modules. The plaintiff and the plaintiff-intervenor agreed at that time to pay a contingent fee to the defendant-intervenor on any refunds which would be paid by Customs as a result of the filed protests. Pursuant to 19 C.F.R. § 174.13 the defendant-intervenor was designated as the mailing addressee of any refunds payable to the importers, the plaintiff and the plaintiff-intervenor.

In accordance with the retainer agreement, the defendant-intervenor filed a series of protests with respect to the merchandise imported by plaintiff and plaintiff-intervenor. The final decision of the United States Court of Customs and Patent Appeals in the case of *United States* v. *Texas Instruments Inc.,* under date of June 3, 1982, has caused refunds to be due, owing and payable to plaintiff and plaintiff-intervenor by virtue of the protests previously filed in their behalf.

Upon dismissal as counsel by plaintiff and plaintiff-intervenor, the law firm of Mandel & Grunfeld, defendant-intervenor, claimed a lien on all refunds issued by Customs payable to plaintiff and plaintiff-intervenor and filed suit in the courts of the State of New York to obtain its percentage share of the refund checks issued by Customs pursuant to the contingent fee agreement among the said parties.

Refund checks issued by Customs to the present date have been made payable to the plaintiff or the plaintiff-intervenor and trans-

116

mitted to the defendant-intervenor in care of the firm pursuant to the provisions of 19 C.F.R. § 174.13.

The plaintiff and the plaintiff-intervenor, respectively, have filed applications for Temporary Restraining Orders enjoining the defendants from releasing to the law firm of Mandel & Grunfeld, defendant-intervenor, duty refunds on any entry in which the plaintiff and/or plaintiff-intervenor, respectively, have been designated "importer or other protesting party" pending the ultimate disposition of the civil action.

Having considered the files and records and the arguments of respective counsel and having in open court presented orally its opinion and decision with respect to plaintiff's and plaintiff-intervenor's applications which said oral decision is a part of the official record in the instant proceeding and, accordingly, is made a part hereof by this reference, the court finds:

No showing has been made that plaintiff or plaintiff-intervenor have or will suffer immediate, irreparable injury or harm by the denial of the respective applications for Temporary Restraining Orders.

The disposition of the refund checks transmitted or to be transmitted by Customs to defendant-intervenor, former attorney of record for plaintiff and for plaintiff-intervenor, is properly subject to the jurisdiction of the courts of the State of New York in which legal action is presently pending for the adjudication of the attorney fees which may be due and owing to defendant-intervenor for the representation which that firm might have made and performed in behalf of the plaintiff and the plaintiff-intervenor.

Now therefore, it is hereby

ORDERED and ADJUDGED that the application of FADA INDUSTRIES, INC., for a Temporary Restraining Order be and is hereby denied, and it is further

ORDERED and ADJUDGED that the application of DYNAMIC SUPPLY, INC., plaintiff-intervenor, for a Temporary Restraining Order be and is hereby denied.